**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY, | : | CIVIL ACTION NO. 08-2100 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| CRYAN'S ALE HOUSE & GRILL, a/k/a CRYAN'S PUBLIC HOUSE, INC., et al., | : |  |
| Defendants. | : |  |
| CRYAN'S ALE HOUSE & GRILL, a/k/a CRYAN'S PUBLIC HOUSE, INC., et al., | : |  |
| Third-Party Plaintiffs, | : |  |
| v. | : |  |
| MICHAEL DeMAIO, et al., | : |  |
| Third-Party Defendants. | : |  |

**COOPER, District Judge**

Carolina Casualty Insurance Company ("CCIC") brought this action against Cryan's Ale House & Grill, a/k/a Cryan's Public House, Inc. ("Cryan's"), John F. Cryan, Jr. ("John Cryan"), and Michael O'Kane ("O'Kane" and, collectively, "defendants") in connection with Employment Practices Liability Insurance Policy number 4688700/1 issued by CCIC to Cryan's ("CCIC Policy"). (Dkt. entry no. 1, Compl. at 1-2.)  CCIC seeks, <u>inter alia</u>, a judgment (1) declaring that CCIC had no duty to defend or

indemnify defendants pursuant to the CCIC Policy with respect to the lawsuit entitled <u>Mohan v. Cryan's Ale House & Grill</u>, No. 06-4248 (MLC) ("the Mohan Action"), (2) requiring defendants to reimburse CCIC for costs CCIC incurred defending the Mohan Action and all monies paid by CCIC to settle the Mohan Action, and (3) rescinding the CCIC Policy and declaring the CCIC Policy void ab initio.  (<u>Id.</u>)  Defendants then filed a third-party complaint against Michael DeMaio and Boynton & Boynton ("B&B" and, collectively, "third-party defendants").  (Dkt. entry no. 8, Third-Party Compl. at 1-2.)  Defendants assert claims of (1) negligence, (2) professional negligence, and (3) breach of fiduciary duty in connection with third-party defendants' procurement of the CCIC Policy on Cryan's behalf.  (<u>Id.</u> at 7-12.)

CCIC now moves for summary judgment in its favor pursuant to Federal Rule of Civil Procedure ("Rule") 56.  (Dkt. entry no. 26, Mot. for Summ. J.)  Third-party defendants separately move to dismiss the Third-Party Complaint.  (Dkt. entry no. 30, Mot. to Dismiss.)  Defendants oppose both motions.  (Dkt. entry no. 34, Defs. Opp'n to Mot. for Summ. J.; dkt. entry no. 35, Defs. Opp'n to Mot. to Dismiss.)  The Court determines the separate motions on briefs without an oral hearing, pursuant to Rule 78(b).  For the reasons stated herein, the Court will (1) deny CCIC's motion for summary judgment, and (2) grant third-party defendants' separate motion to dismiss the Third-Party Complaint.

**BACKGROUND**

Counsel for Carolyn Mohan ("Mohan"), a former employee of Cryan's, sent a letter to John Cryan, Cryan's president and owner, on October 11, 2005 ("10-11-05 Letter"). (Dkt. entry no. 26, CCIC Br. at 4.) The letter advised John Cryan of Mohan's claims for hostile work environment and wrongful termination from Cryan's. (Id.) The letter claimed that O'Kane, a manager at Cryan's, verbally and physically abused employees, including Mohan, and that John Cryan knew of O'Kane's behavior and allowed it to continue. (Id. at 5.) Further, the letter stated that Mohan sought monetary damages and indicated her intention to bring an action. (Id.)

John Cryan met with Michael DeMaio, an insurance agent and employee of insurance agency B&B, on November 30, 2005 to inquire about procuring employment practices liability insurance on behalf of Cryan's. (Dkt. entry no. 30, Third-Party Defs. Br. at 4; Defs. Opp'n to Mot. to Dismiss at 1.) Michael DeMaio assisted John Cryan in obtaining the CCIC Policy by preparing a CCIC Proposal Form applying for Employment Practices Liability Insurance ("the Proposal") on behalf of Cryan's. (Third-Party Defs. Br. at 4; Defs. Opp'n to Mot. to Dismiss at 1-2.)

John Cryan executed the Proposal on Cryan's behalf on November 30, 2005. (CCIC Br. at 5-6.) Defendants did not disclose the existence of the 10-11-05 Letter to CCIC in connection with

3

the Proposal.  (Compl., Ex. A, Employment Practices Liability Insurance Proposal Form.)  Based on the Proposal, CCIC issued the CCIC Policy, which was effective from November 28, 2005 through November 28, 2006.  (CCIC Br. at 3-4, 8-9.)

Mohan brought an action against defendants in August of 2006 in which she alleged discrimination and harassment by the defendants while she was employed at Cryan's, and wrongful termination.  (Id. at 11.)  Cryan's notified CCIC of the Mohan Action on August 18, 2006.  (Dkt. entry no. 26, Decl. Lisa E. Chonarzewski at 2.)  CCIC funded the defense in the Mohan Action, but reserved its rights under the CCIC Policy, including the right to amend its coverage position based upon receipt of additional information.  (Id. at 2-3; CCIC Br. at 12.)  At a 2007 settlement conference in the Mohan Action, CCIC learned of the 10-11-05 Letter.  (Decl. Lisa E. Chonarzewski at 3.)  CCIC informed defendants' counsel that the failure to disclose the 10-11-05 Letter was a potential basis to rescind the CCIC Policy or deny coverage for the Mohan Action.  (Id.)  CCIC contributed $75,000 toward the settlement in the Mohan Action, but advised defendants' counsel that the settlement amount paid by CCIC was subject to a full reservation of rights.  (Id. at 4.)  CCIC then brought this action.  (See Compl.)

The Court issued a Pretrial Scheduling Order on September 23, 2008 ("9-23-08 Scheduling Order"), which set the deadline for

4

preliminary discovery on November 24, 2008.  (Dkt. entry no. 24, 9-23-08 Scheduling Order.)  The 9-23-08 Scheduling Order contemplated preliminary discovery consisting of the depositions of Lisa E. Chonarzewski ("Chonarzewski") and Christopher Westrick ("Westrick").  (See id.; dkt. entry no. 33, Decl. James M. DeMarzo at 2.)  No other discovery was permitted under the 9-23-08 Scheduling Order.  (See 9-23-08 Scheduling Order; Decl. James M. DeMarzo at 2.)  The Chonarzewski and Westrick depositions were scheduled for December 17, 2008, but were adjourned.  (Decl. James M. DeMarzo at 2.)  CCIC moved for summary judgment on December 12, 2008.  (Mot. for Summ. J.)  On December 18, 2008, third-party defendants separately moved to dismiss the Third-Party Complaint.  (Mot. to Dismiss.)  Defendants oppose both motions.  (Defs. Opp'n to Mot. for Summ. J.; Defs. Opp'n to Mot. to Dismiss.)

**DISCUSSION**

**I.   Applicable Legal Standards**

    **A.   Summary Judgment Standard**

Rule 56(c) provides that summary judgment is proper if the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  The summary judgment movant bears the initial burden of showing that there is no genuine issue of

5

material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the movant has met this prima facie burden, the non-movant must set out specific facts showing that there is a genuine issue for trial.  Fed.R.Civ.P. 56(e)(2).  A non-movant must present actual evidence that raises a genuine issue of material fact and may not rely on mere allegations.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  The Court must view the evidence in the light most favorable to the non-movant when deciding a summary judgment motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

    The Court "is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery."  Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007) (quotation and citation omitted).  A non-movant who believes additional discovery is necessary may file a motion pursuant to Rule 56(f).  Id.  Rule 56(f) allows a court to deny a motion for summary judgment where the "party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition."  Fed.R.Civ.P. 56(f).  A Rule 56(f) motion must identify the particular information sought, how the information would preclude summary judgment, and why the information has not been previously obtained.  St. Surin v. V.I. Daily News, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994); Bobian v. CSA Czech Airlines, 232 F.Supp.2d 319, 323 (D.N.J.

2002), aff'd, 93 Fed.Appx. 406 (3d Cir. 2004). While technical compliance with Rule 56(f) is important, a party's failure to file an affidavit supporting a Rule 56(f) motion is not automatically fatal. St. Surin, 21 F.3d at 1314. "If discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the motion." Doe, 480 F.3d at 257.

### B. New Jersey Affidavit of Merit Statute

The Affidavit of Merit Statute provides that a plaintiff alleging negligence by a licensed person in his or her profession or occupation must

> within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

N.J.S.A. § 2A:53A-27. The court may grant an additional sixty days to file the affidavit upon a finding of "good cause." Id. "The overall purpose of the statute is to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation." Cornblatt v. Barow, 708 A.2d 401, 412 (N.J. 1998) (quotation and citation omitted). If a plaintiff does not submit the required affidavit or a statement that the defendant did not provide requested medical

7

records, then the plaintiff is deemed to have failed to state a cause of action. N.J.S.A. § 2A:53A-29. Thus, failure to submit an affidavit of merit results in dismissal of the plaintiff's negligence or malpractice claim, and such dismissal is with prejudice. See Cornblatt, 708 A.2d at 413, 415 (holding that dismissal based on plaintiff's failure to submit affidavit of merit would be with prejudice absent extraordinary circumstances).

There is a common knowledge exception to the affidavit of merit requirement. Hubbard v. Reed, 774 A.2d 495, 500-01 (N.J. 2001); see also Natale v. Camden County Corr. Facility, 318 F.3d 575, 580 (3d Cir. 2003). This exception applies where "jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of the specialized knowledge of experts." Hubbard, 774 A.2d at 499 (quotation and citation omitted); see also Palanque v. Lambert-Woolley, 774 A.2d 501, 506 (N.J. 2001) (stating that in common knowledge cases "[b]ecause defendant's careless acts are quite obvious, a plaintiff need not present expert testimony at trial to establish the standard of care"). In a common knowledge case, whether a plaintiff's claim satisfies the threshold of merit is apparent from the face of the complaint. Palanque, 774 A.2d at 506. The common knowledge exception does not apply where a "plaintiff's

8

predicate for liability . . . is the manner in which a 'licensed person' exercised responsibilities and judgment." Aster v. Shoreline Behavioral Health, 788 A.2d 821, 825 n.4 (N.J. App. Div. 2002); see also Acosta v. Pace Local I-300 Health Fund, No. 04-3885, 2007 WL 496877, at *6 (D.N.J. Feb. 9, 2007).  The common knowledge exception is narrowly construed to avoid non-compliance with the statute.  Hubbard, 774 A.2d at 501.

To determine if a claim against a licensed person falls within the Affidavit of Merit Statute, the court must examine the type of evidence needed to prove the factual allegations underlying the claim.  Couri v. Gardner, 801 A.2d 1134, 1141 (N.J. 2002); see also Fink v. Ritner, 318 F.Supp.2d 225, 229 (D.N.J. 2004).  If the claim's underlying factual allegations "require proof of a deviation from the professional standard of care applicable to that specific profession," then an affidavit of merit is mandatory, unless an exception applies.  Couri, 801 A.2d at 1141; see also Fink, 318 F.Supp.2d at 229.  If the claim merely requires proof of ordinary negligence but not proof of a deviation from professional standards, then an affidavit of merit is not required.  Couri, 801 A.2d at 1141.

**II.  Legal Standards Applied Here**

    **A.  Application of the Summary Judgment Standard**

CCIC argues that it is entitled to summary judgment because, inter alia, (1) Cryan's made material misrepresentations on the

9

Proposal, and (2) the Mohan Action does not fall within the CCIC Policy's insuring agreement and is barred by the "known wrongful employment acts" exclusion.  (CCIC Br. at 18-32.)  CCIC also argues that defendants did not comply with Rule 56(f) because they failed to timely submit an affidavit stating the information they seek through discovery and how that information would preclude summary judgment.  (Dkt. entry no. 37, CCIC Reply Br. at 2; dkt. entry no. 44, CCIC Supplemental Br. at 1-2.)

Defendants argue that CCIC has not demonstrated absence of a genuine issue of material fact and thus summary judgment is inappropriate.  (Defs. Opp'n to Mot. for Summ. J. at 2.)  Defendants also assert that CCIC's motion for summary judgment is premature as meaningful discovery has not yet been conducted in this action.  (Id. at 8-9.)  Defendants argue that CCIC's motion for summary judgment was filed before the Chonarzewski and Westrick depositions were conducted and before written discovery was exchanged.  (Id.)

The Court finds that summary judgment in CCIC's favor is inappropriate at this time.  Here, defendants filed an affidavit stating that the Chonarzewski and Westrick depositions have not yet been conducted, nor has written discovery taken place.  (Dkt. entry no. 38, Aff. James M. DeMarzo at 6.)  The 9-23-08 Scheduling Order allowed only preliminary discovery, specifically the Chonarzewski and Westrick depositions.  (See Decl. James M.

10

DeMarzo at 2; 9-23-08 Scheduling Order.)  The Chonarzewski and Westrick depositions were scheduled for December 17, 2008, but were cancelled upon CCIC's request.  (Aff. James M. DeMarzo at 6; see also dkt. entry no. 27, 12-12-08 Letter.)  Defendants assert that through depositions and written discovery they will obtain evidence supporting their counterclaims and affirmative defenses.  (Aff. James M. DeMarzo at 6-7.)

This assertion by defendants is sufficient to satisfy the Rule 56(f) requirement that the non-movant identify the information sought, how the information would preclude summary judgment, and why the information was not previously obtained.  See Reed v. Staniero, No. 06-3496, 2007 WL 3430935, at *7 (D.N.J. Nov. 13, 2007) (recognizing that Rule 56(f) standard is less stringently applied where no meaningful discovery has yet to take place); Mars, Inc. v. Coin Acceptors, Inc., No. 90-49, 1994 WL 16471243, at *2 (D.N.J. June 27, 1994) (stating that Rule 56(f) requirements are "not intended for those situations where there has been no meaningful discovery, such that a party defending against summary judgment is unable to mount a serious defense").  Thus, the Court concludes that since no meaningful discovery has yet taken place in this action, summary judgment in CCIC's favor is inappropriate at this time.  See Doe, 480 F.3d at 257 (stating that a court must allow the non-movant an adequate opportunity to conduct discovery).

11

### B.     Application of the Affidavit of Merit Statute

Third-party defendants argue that the Third-Party Complaint must be dismissed because defendants did not comply with the Affidavit of Merit Statute. (Third-Party Defs. Br. at 6.) Third-party defendants assert that the Affidavit of Merit Statute applies to defendants' claims, which sound in professional negligence. (Id.) Since defendants did not file an affidavit of merit within 120 days of the filing of third-party defendants' Answer, third-party defendants argue, defendants have failed to state a cause of action and the Third-Party Complaint must be dismissed. (Id. at 6-7.) Further, third-party defendants contend that the common knowledge exception does not apply to defendants' claims. (Dkt. entry no. 36, Third-Party Defs. Reply Br. at 7-10.) Third-party defendants also argue that all of defendants' claims arise out of third-party defendants' alleged failure to properly procure the CCIC Policy and all require proof of a deviation from the professional standard of care. (Id. at 10-11.)

Defendants argue that the motion to dismiss should be denied because discovery has not yet been conducted and the common knowledge exception applies. (Defs. Opp'n to Mot. to Dismiss at 4.) Defendants assert that a determination as to whether the common knowledge exception applies should be made after discovery has been conducted. (Id. at 6.) Such a determination at this

12

stage in the litigation, defendants contend, would be premature. (Id.)  Further, defendants argue that the Affidavit of Merit Statute does not apply to its breach of fiduciary duty claim. (Id. at 7.)

The Court concludes that defendants did not comply with the Affidavit of Merit Statute, the common knowledge exception is inapplicable, and thus, defendants have failed to state a cause of action.  The Affidavit of Merit Statute applies to third-party defendants as an insurance agent and an insurance agency.  (See Third-Party Compl. at 2.)  See N.J.S.A. § 2A:53A-26 (defining "licensed person" to include "an insurance producer"). Defendants assert three claims against third-party defendants: (1) negligence, (2) professional negligence, and (3) breach of fiduciary duty.  (Third-Party Compl. at 7-12.)  To determine if the Affidavit of Merit Statute applies to defendants' claims, the Court must examine the factual allegations underlying the claims and whether the allegations require proof of a deviation from the professional standard of care applicable to insurance producers. See Couri, 801 A.2d at 1141.

All three claims arise out of third-party defendants' preparation of the Proposal on behalf of Cryan's.  (See Third-Party Compl. at 7-12.)  Specifically, the defendants' claims arise from the third-party defendants' alleged determination that the 10-11-05 Letter did not constitute a "claim" for purposes of

13

preparing the Proposal and procuring employment practices liability insurance.  (See id. at 3, 7-12; Defs. Opp'n to Mot. to Dismiss at 6.)  Further, all three claims require proof that third-party defendants deviated from the professional standard of care in preparing the Proposal on behalf of Cryan's.  Thus, regardless of how defendants framed their claims, because all three claims require proof of deviation from a professional standard of care, an affidavit of merit is mandatory unless an exception applies.  See Couri, 801 A.2d at 1141; see also Fink, 318 F.Supp.2d at 229.  Here, defendants did not file an affidavit of merit.  (See Third-Party Defs. Reply Br. at 4; Defs. Opp'n to Mot. to Dismiss.)  Thus, unless an exception applies, defendants' non-compliance with the Affidavit of Merit Statute is deemed a failure to state a cause of action.  See N.J.S.A. § 2A:53A-29.

    The common knowledge exception does not apply to defendants' claims.  Here, defendants' predicate for liability is the manner in which third-party defendants exercised professional responsibilities and judgment in preparing the Proposal.  (See Third-Party Compl. at 3-4.)  The common knowledge exception is unavailable in such situations. See Acosta, 2007 WL 496877, at *6 ("[T]he common knowledge exception is unavailable where . . . the alleged malpractice concerns licensed professionals who were exercising their professional responsibility and judgment.").  Further, preparation of a proposal form for employment practices

14

liability insurance and the determinations made in such preparation are beyond the common knowledge of lay persons. Errors in judgment made in preparing such a proposal form differ from situations where the defendant's negligence is obvious, such as a doctor pulling out the wrong tooth, a doctor misreading a laboratory report, or a pharmacist filling a prescription with the wrong medication.  See Hubbard, 774 A.2d at 500-01; Palanque, 774 A.2d at 506-07; Bender v. Walgreen E. Co., Inc., 945 A.2d 120, 123 (N.J. App. Div. 2008).  Here, jurors, using ordinary understanding and experience, would not be able to determine third-party defendants' negligence without the benefit of expert testimony.  See Hubbard, 774 A.2d at 499-500; see also Acosta, 2007 WL 496877, at *4.  Thus, the common knowledge exception does not apply to defendants' claims against third-party defendants. Because the defendants did not comply with the Affidavit of Merit Statute and no exception applies, they have failed to state a cause of action and the Court will grant the motion to dismiss the Third-Party Complaint.

    Defendants contend that they should be allowed to conduct discovery before the Court determines if the common knowledge exception applies to their claims.  (Defs. Opp'n to Mot. to Dismiss at 6-7.)  Applicability of the common knowledge exception, however, is determined based on the allegations in the complaint.  See Palanque, 774 A.2d at 506 ("In a common knowledge

15

case, whether a plaintiff's claim meets the threshold of merit can be determined on the face of the complaint."). A party may not rely on discovery not yet conducted to show that the common knowledge exception applies to the claims. See Fink v. Thompson, 772 A.2d 386, 394 (N.J. 2001) (instructing parties not to rely on later conducted discovery to excuse non-compliance with the Affidavit of Merit Statute). Thus, the Court's determination that the common knowledge exception does not apply to defendants' claims is appropriately made at this stage in the litigation.

## CONCLUSION

The Court, for the reasons stated supra, will (1) deny CCIC's motion for summary judgment, and (2) grant third-party defendants' separate motion to dismiss the Third-Party Complaint. The Court will issue an appropriate order and judgment.

                                            s/ Mary L. Cooper  
                                           **MARY L. COOPER**  
                                           United States District Judge

Dated: February 26, 2009